VALENTINE G. HALL *vs.* RUEA NELSON.

The owner of the equity of redemption is a necessary party to a suit for the fore-
closure of a mortgage.  And the objection that he is not made a party may be
made by the mortgagor, in his answer.

The fact that the deed from the mortgagor to the present owner of the equity of
redemption was not recorded, at the time of the commencement of the fore-
closure suit, and of the filing of the notice of lis pendens, does not render the
case an exception to the general rule.

So much of the code of procedure as confers upon county courts jurisdiction of
suits for the foreclosure of mortgages, is unconstitutional and void.  BROWN,
P. J. dissented.

At the time of the adoption of the present constitution, actions to foreclose
mortgages and sell the mortgaged premises formed an ordinary class of cases,
in equity, and cannot be considered as "special," within the true meaning of
that instrument, where it declares that county courts shall have no original
civil jurisdiction except in such *special cases* as the legislature may provide.

APPEAL from a judgment of the Kings county court.  The
action was brought to foreclose a mortgage, executed by the
defendant.  The complaint set forth that on the 12th day of
November, 1852, the defendant executed a bond and mortgage
to the plaintiff for twenty-five thousand dollars, conditioned for
the payment of that sum in two installments, viz : Two thousand
five hundred dollars on the first day of March, 1853, and the
remainder at the expiration of two years from the date of the
bond and mortgage.  That the mortgage covered twenty-four
lots of ground in the city of Brooklyn.  That the mortgage was
duly recorded on the 18th day of November, 1852.  That the
defendant had failed to comply with the condition of the bond
and mortgage, by omitting to pay the sum of twenty thousand
five hundred dollars of principal on the 12th day of November,
1854.  That no proceedings at law or otherwise, had been taken
to recover said sum, and that the defendant had or claimed an
interest in the mortgaged premises, and prayed judgment of
foreclosure and sale, and for any deficiency that might remain
after applying all the money, applicable to the payment of said
mortgage, thereto.  The answer admitted the making of the
bond and mortgage, but denied that the defendant had any in-
terest in the mortgaged premises ; and alleged that on the 21st

Hall *v.* Nelson.

December, 1854, the defendant sold and conveyed the premises described in the complaint to George W. Nelson. The cause was brought to trial before the Kings county court on the 19th of February, 1855. The counsel for the plaintiff proved the amount due on the bond and mortgage, and rested. The defendant's counsel read a conveyance of the premises mentioned in the pleadings, from the defendant to George W. Nelson, dated December 21, 1854. This was a warranty deed, and conveyed the premises to the grantee, subject to the payment of the mortgage. The court held that the proof on the part of the defendant was insufficient to sustain the answer, and ordered judgment of foreclosure and sale and for the deficiency, on the ground of its appearing that the conveyance to George W. Nelson was not recorded at the time of the commencement of the action; the notice of lis pendens having been filed on the 5th of January, 1855, and the deed recorded on the 9th of February following.

From this judgment the defendant appealed to this court.

*Starr & Ruggles*, for the appellant. I. It appears, as matter of fact, that the defendant sold and conveyed all his interest in the mortgaged premises, prior to the commencement of this action, and that the owner of the equity of redemption is not a party defendant. The title passed by the delivery of the deed; and the presumption is, that the deed to George W. Nelson was delivered on the day of its date and acknowledgment. (*Jackson* v. *Bard*, 4 *John.* 230. *Seymour* v. *Van Slyck*, 8 *Wend.* 414. *Wyckoff* v. *Remsen*, 11 *Paige*, 564.)

II. The owner of the equity of redemption is a necessary party to a foreclosure suit. (*Reed* v. *Marble*, 10 *Paige*, 413, 414. *Wakeman* v. *Hazleton*, 3 *Barb. Ch.* 150.) The objection is properly taken by answer. The defense is available for the mortgagor, as he may be liable for a deficiency, and is entitled to object to any irregularity in the proceedings. (*Reed* v. *Marble, cited above.*) It is no answer to this defense, that the conveyance to George W. Nelson was not recorded at the time of the filing of the notice of lis pendens. (*Wakeman* v.

*Hazleton, cited above.    Stuyvesant* v. *Hall,* 2 *Barb. Ch.* 160. 2 *R. S. 4th ed.* 162, § 1.    *Code,* § 132.)

III. The judgment of the county court is void for want of jurisdiction. The statute conferring jurisdiction, (*Code,* § 30,) upon county courts in actions for the foreclosure of mortgages, is unconstitutional. (*Const. of N. Y. art.* 6, § 14. *Kundolf* v. *Thalheimer,* 2 *Kernan,* 597.) This objection may be taken at any time. Whenever it appears that there was a want of jurisdiction, the judgment will be void. (*Bloom* v. *Burdick,* 1 *Hill,* 139. *Dudley* v. *Mayhew,* 3 *Comst.* 9. *Kundolf* v. *Thalheimer, cited above.*)

IV. The judgment of the county court should, therefore, be reversed.

*Barnard & Parsons,* for the plaintiff.

EMOTT, J. There is no doubt that the owner of the equity of redemption is a necessary party to a suit for the foreclosure of a mortgage. The mere statement of this proposition is sufficient to show its correctness, without the citation of any authorities in its support. The action is brought for the express purpose of foreclosing the equitable estate and right to redeem remaining against the mortgage, and of transferring to the mortgagee, or under our practice, to the purchaser at a sale by virtue of the decree, a complete legal title to the mortgaged premises. The very object of the proceeding would, therefore, be completely defeated if the owner of the equity of redemption were not a party. No title could be made that would not be defeasible by the person in whom this equity of redeeming the mortgage remained, not barred or destroyed. I do not understand that this proposition is disputed as a general rule by the counsel for the respondent, but it is sought to be met in its application to this case by the answer; first, that the mortgagor after he has parted with this equitable estate, cannot make the objection, that his grantee is not a party to the suit; and secondly, that the fact that the deed from the mortgagor to the present owner of the equity of redemption was not recorded at

Hall *v.* Nelson.

the time of the commencement of this suit, and of the filing of the notice of lis pendens, makes an exception to the general rule.

The first answer is manifestly insufficient. The want of any necessary party—of any party without whom the matters in litigation cannot be finally determined or a perfect judgment be rendered—is an objection which is expressly given to any party, by the code ; by demurrer where the facts constituting the objection appear in the complaint, or by answer where they do not. And this objection comes with entire propriety from the mortgagor in a foreclosure suit, because his ultimate liability for the debt makes it of the highest importance to him that the title which will be made by the sale should be perfect against all equities, and especially against that which is of the greatest consequence—the entire equity of redemption.

There is no question left as to this point but the main question, whether the owner of the equity of redemption by a deed unregistered at the commencement of the suit and at the filing of the notice of lis pendens is a necessary party. The fact of the conveyance by the defendant Ruea Nelson, to one George W. Nelson, previous to the commencement of this action, was proved, on the trial, and that his deed had been subsequently recorded. No possession was shown to have been taken of the lands by the grantee in this deed, and thus the question turns upon the effect of the commencement of this foreclosure and the filing of the lis pendens upon the owner of the equity of redemption by an unrecorded deed, and the effect of the recording of the deed upon the title of a purchaser at a sale by virtue of a judgment in this action.

The effect of filing a notice of the pendency of a suit of any description, affecting lands, is sufficiently plain from the code, (§ 132.) It is declared to be constructive notice of the action from the time of its filing, to purchasers and incumbrancers. The same was its office under the former practice. (2 *R. S.* 174, § 48, [43].) The words purchasers and incumbrancers, in these statutes, evidently mean purchasers subsequent to the notice. The operation of the proceeding is wholly prospective ; there is nothing in the act or elsewhere, declaring unrecorded

Hall *v.* Nelson.

conveyances void against, or in respect of, suits commenced or notices of the pendency of actions, filed subsequent to such deeds; or subjecting the owners of lands whose title is not upon record to the consequences of a suit to which their grantors might be parties but who were not, merely from the plaintiff giving notice in the manner required by statute that he had commenced such a suit. Nor is there any thing in the effect or operation of such a notice which assimilates it to a conveyance or brings it within the definition of that term, given by the recording act. The filing of this notice is merely a statute substitute for actual notice to subsequent purchasers and incumbrancers of the existence of the plaintiff's claim, and that he has commenced an action to enforce it upon these lands. Whoever buys after that, buys with notice equivalent to actual knowledge of these facts.

Nor does the registry act afford any better answer to this objection. Its whole object, as was stated by Chancellor Walworth in *Stuyvesant* v. *Hall*, (2 *Barb. Ch. R.* 158,) is to protect subsequent grantees and mortgagees against previous mortgages, deeds, &c. which are not recorded, and to deprive the holder of a prior unregistered conveyance of the right which his priority in time would have given him at the common law. The recording of a deed or mortgage is therefore constructive notice only to those who have subsequently acquired some right or interest in the property, under the mortgagor or grantor. And in this case of *Stuyvesant* v. *Hall*, the chancellor held that the recording of a subsequent mortgage of a part of the premises included in a prior mortgage, and the filing of a notice of the commencement of a suit to foreclose this junior incumbrance, were not constructive notice to the holder of the junior mortgage so as to establish any rights or equities against him. It is not the intention of the recording acts, or the effect of recording any conveyances under their provisions, to create or destroy any rights with respect to prior recorded deeds or mortgages. An unregistered deed is not declared void as to a foreclosure of a mortgage commenced after its delivery, but only as to subsequent purchasers of the property in good faith. It is only be-

Hall *v*. Nelson.

tween parties holding deeds or mortgages of the premises that such questions under the registry acts can arise. As soon as these premises should have been sold, and a conveyance made to the purchaser, that purchaser could claim the protection of the statute against any deed not then recorded, and of which he had no notice. But if he should find, as he would in this case, a deed of the equity of redemption on record, made before this suit was brought, and the grantee in which was not a party here, he would find an equity of redemption which this judgment did not foreclose, and a deed which his subsequent conveyance did not affect or in any way override.

It is perfectly clear that the objection raised by this answer and proved on the trial in the court below, was sufficient to prevent any further proceeding in the action, until this difficulty was obviated.

If there were no further question in the case, the judgment should be reversed and the proceedings remitted to the county court for a new trial, costs to abide the event. But another question is raised here and in other cases argued at this term, and that is the constitutionality of the act conferring jurisdiction of suits for the foreclosure of mortgages on county courts.

If this were a new question I should have no difficulty in holding that the words "special cases," in section 16 of the article of the constitution relating to the judiciary, must mean cases which the legislature should specify. The extent of the selection and specification thus to be made might very properly be left to the legislature; and the county court according to such an exposition of the consitution might be moulded into such a form as the public exigencies should require. Undoubtedly the legislature, in the passage of the judiciary act and of the code of procedure, acted upon such a construction of the constitution— a construction which would vest a large discretion in them in giving jurisdiction to this tribunal. The community have acquiesced in this construction, and under these statutes litigations and judgments have taken place and titles have been acquired by the intervention of the county courts, and they were filling a large and increasing sphere of usefulness in our judicial sys-

tem. These are considerations which courts ought not lightly to disregard in passing upon the construction of a constitutional provision so obscure and so doubtful in its meaning as that under consideration. Such a provision should be expounded, I think, with some regard for, and if possible in accordance with, the deliberate sense and action of the legislature, and in such manner as to promote the public interests and the great and obvious ends of the instrument and the article of which it is a part. I make these observations because I foresee the serious consequences of holding this statute to be unconstitutional, and I feel the force of the argument they suggest in so doubtful a case. But these are considerations to which our ears can no longer be open, and for the consequences of a decision adverse to the jurisdiction of the county court in these cases, this court will be in no degree responsible. The question is no longer an open one for us. In the case of *Kundolf* v. *Thalheimer*, (2 *Kern.* 593,) the court of appeals have settled the construction of the constitutional provision, by which the jurisdiction of the county court is defined, and adjudicated the principle by which that article must be expounded. We are not, therefore, to construe this part of the constitution as we understand it, but as it is understood and expounded by the court of last resort.

There were two methods of interpreting the words, "special cases," which is the limiting phrase used in the constitution in reference to the jurisdiction which may be conferred on the county courts, limiting their original civil jurisdiction and their "jurisdiction in equity cases." One method is that which I have already indicated, and which would consider the word special as used with reference to the future action of the legislature, perhaps as rather directory than otherwise, making it necessary for the legislature to select and specify particular if not peculiar cases which this court might entertain, but allowing every action to be or become a special case within this jurisdiction which the legislature saw fit to legislate into that category. The other construction would refer the meaning of the word special altogether to the past action of the same legislative department of the government, and restrict it not to what the legislature might

Hall *v.* Nelson.

thereafter see fit to make, but to what they had already made, "special cases." In other words, according to this view the special cases which the county court might entertain were such as were already, at the adoption of the constitution, known in the legislation of the state as distinct from the ordinary suits and actions possessing characteristics by legislation, which were extraordinary and peculiar and authorized by law, to serve a particular purpose. This latter view is that which is taken by the court of appeals ; and there is no authority under the constitution as they have interpreted it, to confer jurisdiction upon the county court, except in those particular cases which were to be found in the statute book, when the constitution was adopted, possessing all these characteristics, and thus clearly distinguishable from all ordinary suits and actions. For examples of such cases the court refer to summary proceedings to recover land, proceedings to drain swamps and proceedings in insolvency— examples which indicate clearly the scope which the court intended should be given to the provision in question. It is true the decision reported in 2 *Kernan* was made in reference to one of a class of actions which were formerly known as actions at law ; but the jurisdiction of the courts was as well established, and their proceedings as well settled, in suits in equity as in the ordinary common law actions of assumpsit, case, covenant and the rest. And therefore it is as easy to determine what were special proceedings in equity as at law, according to the statutes and the jurisdiction and practice of the courts in 1846.

We were pressed at the hearing with the argument that the term special cases was recognized and applied as the description of all causes or actions, as well as proceedings, which had been subjected to special regulations or enactments as to the mode of procedure. That is, that whenever the legislature had previous to 1846 taken a common law action, or any kind of suit in equity, belonging to the ordinary jurisdiction of the courts and had made special regulations as to the mode of proceeding or the manner of enforcing the remedy in any such case, this made any kind of action or proceeding which had thus been legislated upon, a special case. I do not know that there is any legislation

to be found upon the statute books, that would bring suits for the foreclosure of mortgages within even this test. Mortgages, their redemption and their foreclosure, are among the earliest and the best known subjects of equity jurisdiction, wherever such a jurisdiction is recognized. The maxims by which this branch of equity law is administered, and even the proceedings and the remedies which the law affords in such cases, are in a great degree borrowed from the civil law. From thence we derive the method of terminating the mortgagor's right of redemption by a sale, which, although rejected by the equity courts of our mother country, for a strict foreclosure, has always been the practice of our tribunals. There is little or nothing in the regulations of the statutes in reference to mortgage cases, which is not declaratory of principles of equity and rules of practice which had been previously declared and adopted by the courts as part of the equity jurisprudence of the state. But this cannot be the true test of the class of cases we are seeking. Cases that were special at this period were either actions that were wholly the creatures of statutes for special and recognized purposes, and not in their nature within the ordinary jurisdiction of the courts, or they were remedies given by statute which were entirely new and unlike the ordinary and usual course of proceedings of the courts in any other cases. The doctrine of the case of *Kundolf* v. *Thalheimer*, is that we are to construe the phraseology of the constitution by the state of facts existing when it was adopted; that we are to see what actions and proceedings would have been known and described as special cases under the statutes in 1846. It will hardly do to say that the term would then have been admitted to be applicable to all cases and actions in regard to which the legislature had made any special provisions; or to all the matters which are regulated by the provisions of the 8th chapter of the 3d part, or in other portions of the revised statutes. For instance the legislature, in 1830, saw fit to change entirely the character and the procedure in the action of ejectment, to abolish the common law fictions of lease, entry and ouster, and to substitute a statutory action of ejectment, formerly a mere possessory suit, for writs

Hall *v.* Nelson.

of right and all the old real actions. Did that make the action of ejectment a special case according to the construction we are following? Clearly not, because the proceedings in the action of ejectment were still left to follow the course of the common law and the existing practice of the courts, in all its essential features. There was still a declaration and a plea, a trial, a verdict, judgment and execution, as in other actions. The action could still be brought in all cases where it lay under the old practice, and in certain additional cases in lieu of a writ of right and a writ of dower. The action still continued a common law action, and its course was that of ordinary suits at law, in all its main and essential characteristics. So too the action of replevin was by the same statutes extended in its scope, and altered in its procedure; but hardly any lawyer, I think, would in 1830 or in 1846 have called the action of replevin a special proceeding or a special case, in the sense in which the court of appeals intend the use of the term.

This mode of construing the constitution probably leaves us but little right to inquire or to conjecture what the meaning and intention of its framers was in this or any other part of it, except as it may be gathered from the most narrow and literal construction of terms. But we may be allowed to say what it seems quite obvious that the makers of that instrument did not intend to do. And it can hardly be doubted that they did not contemplate or design any such unreasonable distinction or absurd result as would follow from attaching the term special cases to all actions and proceedings in regard to which special provisions were then to be found in the statutes, and excluding all others. It is hardly to be supposed that the authors of the constitution intended to allow the legislature to confer upon these local and limited courts jurisdiction of ejectment and replevin, of proceedings to dissolve corporations and suits against them, of actions against legatees and next of kin, and against all public bodies and on all official bonds; in short of the most difficult and the most complicated actions known to the common law or to courts of equity, and which had for that reason been simplified as far as possible and specially regulated by statute, and

still to refuse the power to confer jurisdiction to try an action of assault and battery or a suit on a promissory note.

It is true that there are certain remedies and proceedings given and defined by these statutes, especially in the equitable jurisdiction of the courts, which would seem to come within a very narrow definition of the term special cases in the view which has been taken of it by the court of last resort, and yet which are among the most complicated and difficult, though by no means the most infrequent, proceedings in our courts. Such are the proceedings against heirs and devisees for the debts of the ancestor, which are in their present form a new and a peculiar remedy given by the statute exclusive of any other or former modes of procedure. Such also are perhaps the proceedings in partition, by suit or by petition. These are instances of new and peculiar remedies given by the statutes, not proceeding or resulting in accordance with the ordinary rules and practice of the courts of common law or equity jurisdiction. Whether these, and others resembling them, are cases of which the constitution intended that the county court should be allowed to acquire jurisdiction; whether indeed any *action* whatever brought in the ordinary manner of the courts, either as a legal or equitable remedy, can be tried in the county court, are questions which must be decided as they arise: some of them will now be found to be questions of no little difficulty. It is enough for the present case to say that we can discover no reason or principle upon which an action for the foreclosure of a mortgage —an action as frequent in its recurrence and as uniform and consistent with known rules in its procedure in a court of equity, as an action of assumpsit or of trespass, for an assault and battery in a court of law—can be regarded as a "special case," under any rule or construction of the meaning of that term which excludes the last mentioned form of action at law from its scope.

We are constrained therefore by the authority of the court of last resort—and following their construction, to decide that so much of the code of procedure as confers jurisdiction of suits for the foreclosure of mortgages upon county courts is unconstitu-

Hall *v.* Nelson.

tional and void, and therefore this judgment must be reversed in toto.

BROWN, P. J., concurred on the question of parties, with this opinion, but dissented on the question of jurisdiction.

S. B. STRONG, J.   When the holder of a mortgage of real estate institutes proceedings in equity to foreclose it, he is bound to include as defendants all who are known to him to have a title to, or lien upon, the equity of redemption.   The knowledge may be either actual or presumptive.   It is presumptive where it is simply inferred, either from the public records or from acts of possession by some one, in the character of owner.   The right cannot be affected by an unrecorded conveyance of which the mortgagee has no actual notice.   If the grantee neglects to put his conveyance on the public records until after a suit has been instituted and a notice of *lis pendens* has been filed, he must be considered as, and entitled only to the rights of, a subsequent purchaser.   To hold that a purchaser by an unrecorded conveyance, of the equity of redemption, before the institution of a foreclosure suit, must be made a party in order to bind his interest by the decree, would subject such actions to serious obstructions and difficulties—such indeed as could not be avoided by the most active scrutiny, and would be contrary to the spirit of our statutes requiring that notices of *lis pendens* should be filed, that conveyances should be recorded, and that judgment should be docketed in the counties where the lands to be affected by them are situated.

If, however, the holder of an unrecorded conveyance ought to be made a party in order to conclude his rights, the omission to do so is no defense to one who continues the recorded owner, as in this case, up to the time when his answer is filed.   If he claims the benefit of having the purchaser from him made a party, he must first put himself right upon the records.   I think, therefore, that the county judge was right in overruling the defense in this case, if indeed he had the requisite jurisdiction to act at all.

The more material question is whether the county judge had jurisdiction over an action to foreclose a mortgage of real estate. The action is clearly an equitable one. The constitution provides (article 6, § 14,) that "the county court shall have jurisdiction in cases arising in justices' courts and in special cases, as the legislature may provide ; *but shall have no original civil jurisdiction except in such special cases.*" And subsequently, in the same section, that "the legislature may confer equity jurisdiction in *special* cases upon the county judge." The latter clause was probably unnecessary, as it had been substantially included in that which I have first quoted. The word "cases" applies as well to suits in equity as to those at law. It was no doubt deemed proper to particularize in a distinct provision cases in equity, in authorizing the delegation of an entire new power to an inferior tribunal. I conceive, therefore, that the negation of any original jurisdiction except in special cases is applicable to suits in equity. The language is broad enough to include them ; and there can be no presumption that the convention which framed the constitution intended to authorize the delegation to the county judge of a more extensive jurisdiction in equitable suits than in actions at law.

The legislature, in the judiciary act of May 12, 1847, (article 4th, § 31,) in terms conferred upon the county courts jurisdiction in suits for the foreclosure of mortgages when the mortgaged premises are situated in their respective counties. The code (*Title* 4, § 30) provides that the county court has jurisdiction in what it denominates certain "special cases ;" among which is the action for the foreclosure or satisfaction of a mortgage and the sale of mortgaged premises situated within the county, and the collection of any deficiency on the mortgage, remaining unpaid after the sale of the mortgaged premises. If actions in equity to foreclose mortgages of real estate in the counties where the courts are held and the defendants reside or can be found, are special cases, this purported delegation of power and jurisdiction is valid; otherwise it is not.

The mere denomination of these cases as special, in the code,

Hall *v.* Nelson.

does not constitute them such. The power was not conferred upon the legislature to alter the character of any existing class of cases from general to special; for that would have virtually repealed the restriction. As the constitution does not define the word "special," its meaning must be ascertained from other appliances. Two of the definitions of the word "special," given by Mr. Walker and Dr. Worcester, are "extraordinary" and "uncommon." It denotes something varying essentially from what is ordinary. Judge Gardiner says (*Kundolf* v. *Thalheimer,* 2 *Kernan,* 595) that this word special, as used in the constitution, "designates or was designed to designate a particular sort possessing certain characteristics which distinguish them" (it) "from those ordinary cases which the common law had arranged and classified." Bills for the foreclosure of mortgages were entertained by the court of chancery in England, and constituted an ordinary and extensive branch of its jurisdiction, at the time of our separation from that country. The court of chancery possessed and exercised the same powers and jurisdiction in this state until that tribunal was abolished, and its powers were transferred principally to the supreme court. When our present constitution, by which the change was effected, went into operation, there was no class of cases to which the term "ordinary" or "common" could be applied with more propriety than to these foreclosure suits. There was nothing in the mode or character of the procedure in such cases to render them special. There were some peculiarities appertaining to them, but not more, either in number or importance, than what distinguish other classes of equitable jurisdiction. Diversity in some particulars, in classes, does not constitute either of them special, if they are each general in their application, and if they agree in their essential characteristics. Otherwise each class of equity cases would be special, and the intended restriction in the constitution would be wholly nugatory. The restriction applies to cases, and cannot be evaded by any limitation as to locality, either of the subject matter or of the parties, or as to the amount, so long as the essential characteristics are retained. Thus it was decided in the case which I have cited from

Kernan, (2 *Ker.* 593,) that an action for an assault and battery was not rendered special by limiting the claim to $500, and the parties defendants to residents of the county. Judge Gardiner remarked, (*p.* 599,) "if the action of assault and battery was a case excepted, it is impossible that the legislature could convert it into a special one by the grant of a limited jurisdiction to the county court in respect to it, when they were expressly forbidden to confer any jurisdiction whatever." Judge Hand remarks, in the same case, that "when the organic law declares in emphatic and clear language, that these [county] courts shall have no original civil jurisdiction except in special cases, something real was designed, and there should be no effort to abrogate the injunction, or to fritter away the constitution while seeming to acquiesce." The same learned judge remarks that perhaps a different rule might prevail in equity, "as the range of special cases may be greater in equity than at law." That may create some difficulty in the application of the provision to cases not distinctly marked in this respect, but certainly none where their character is clear and well defined." I am satisfied that actions to foreclose mortgages and sell the mortgaged premises, at the time of the adoption of the present constitution, formed an ordinary class of cases in equity, and cannot be considered as special, within the true meaning of that instrument. The attempt by the legislature to confer jurisdiction upon the county court, in the prohibited cases, cannot and ought not to be sanctioned by our courts.

The county court had no jurisdiction in this case, and its judgment should therefore be reversed, and the complaint should be dismissed, but without costs.

Judgment reversed.

[KINGS GENERAL TERM, October 14, 1856. *Brown,* *S. B. Strong* and *Emott,* Justices.]