ANDREW KINDBERG, RESPONDENT, *v.* SAMUEL T. FREEMAN, APPELLANT, IMPLEADED WITH OTHERS.

*Notice of pendency of action — a party whose deed was delivered before, but is recorded after, the filing thereof is bound by the judgment — Code of Civil Procedure, sec. 1671.*

In this action, brought to foreclose a mortgage dated March 22, 1881, the summons was served May 11, 1885, and the complaint with a notice of the pendency of the action was filed on May 5, 1885. The defendant, the mortgagor, while admitting the making of the mortgage, alleged that he had conveyed the premises in May, 1882, by deed to other persons who should be made parties defendant.

*Held,* that as it appeared that the deed was not recorded until after the filing of the notice of pendency of action, viz., on July 15, 1885, the grantees need not be made parties to the action as, though not parties, they would be bound by the judgment entered therein.

APPEAL from a judgment in favor of the plaintiff, entered in an action brought in Kings county for the foreclosure of a mortgage.

*Robert Murray,* for the appellant.

*Albert Smith,* for the respondent.

DYKMAN, J. :

This is an action to foreclose a mortgage on real property. Samuel T. Freeman the mortgagor appeared in the action and answered the complaint, and without denying any of the material allegations therein alleged that after the making of the mortgage and before the commencement of this action he conveyed the mortgaged premises to two persons named in the answer by deed under his hand and seal dated May 1, 1882, and since then recorded in Kings county, and that the grantees are the owners of the premises and the equity of redemption therein and should be parties defendant herein.

The mortgage in suit was dated March 22, 1881, and the complaint and notice of pendency of action were filed on the 5th day of May, 1885, and the summons and complaint were served May 11, 1885, so that the title to the premises had passed from the mortgagor and vested in his grantees three years before the commencement of this action, but the conveyance from the mortgagor was not recorded until the 15th day of July, 1885, more than two months after the filing of the notice of pendency of action in this suit. A motion was made by the plaintiff for judgment notwithstanding the answer which was granted, and the defendant, Samuel T. Freeman, has appealed therefrom and also from the judgment. Section 1671 of the Code of Civil Procedure provides that a person whose conveyance or incumbrance is executed or recorded subsequently to the time of filing the notice of pendency of action in an action where the same may be filed, is bound by all the proceedings taken in the action after the filing of the notice to the same extent as if he was a party to the action.

In this case the conveyance of the mortgagor was recorded two months after the notice of pendency of action was filed. The grantees were purchasers from the mortgagor who is a defendant and they fall directly within the provisions of the section. If they were parties to the action they would be bound by all the proceedings taken therein, and by the statute referred to they are bound to the same extent.

The case of *Hall* v. *Nelson* (23 Barb., 88) is relied on by the appellant, but since that decision the statute has been amended so as to comprehend within its operations a case like this, where the conveyance from the party, although taken previous to the filing of the notice of pendency of action, was recorded subsequently.

The filing of the notice of pendency of action was therefore constructive notice to the owner of the equity of redemption, because their conveyance was recorded subsequent to the time of such filing, and they are bound by all the proceedings taken in the action thereafter to the same extent as if they were parties to the action. They were not therefore necessary parties, and the judgment was properly granted.

The order should be affirmed, with ten dollars costs and disbursements, and the judgment should be affirmed, with costs.

PRATT, J., concurred; BARNARD, P. J., not sitting.

Order directing judgment and judgment thereon affirmed, with costs.